08-4850-ag
Krasniqi v. Holder

BIA
Abrams, IJ
A099 683 389

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROGER J. MINER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

RIKARD KRASNIQI,

        *Petitioner,*

    v.                            08-4850-ag

                                         NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,[1]

        *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Charles Christophe, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Susan Houser, Senior Litigation Counsel, Steven F. Day, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Rikard Krasniqi, a native of the former Yugoslavia, seeks review of a September 4, 2008 order of the BIA affirming the May 18, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rikard Krasniqi*, No. A099 683 389 (B.I.A. Sep. 4, 2008), *aff'g* No. A099 683 389 (Immig. Ct. N.Y. City May 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for

denying relief that were rejected by the BIA.[1]  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See, e.g.,* *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, there is no merit to Krasniqi's argument that the BIA erred by declining to review the IJ's adverse credibility finding.  The BIA is not required to address all of the bases for the IJ's decision and may, instead, affirm the IJ's decision in only some respects or, indeed, not at all.  *See* 8 C.F.R. § 1003.1(d)(3); *Xue Hong Yang*, 426 F.3d at 522.

The record supports the agency's conclusion that Krasniqi did not demonstrate that he suffered past persecution.  Past persecution requires that the harm be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  Here, the agency reasonably found that the

---

[1] We assume for purposes of our analysis that the BIA rejected the IJ's adverse credibility determination.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

3

"harassment and single episode of violence Krasniqi endured, which did not require medical attention, [did] not rise to the severe nature of persecution." Although Krasniqi claimed to have suffered a bloody nose during the incident, the agency correctly determined that this was insufficiently severe to constitute persecution, particularly because the incident did not occur while Krasniqi was in custody. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (cautioning the BIA to be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground").

Furthermore, substantial evidence supports the agency's conclusion that Krasniqi failed to demonstrate that he had a well-founded fear of future persecution. *See* 8 C.F.R. § 1101(a)(42). Krasniqi argues that his fear of Albanian extremists is objectively reasonable because he was involved with the Democratic Party and previously assisted the Serbs. However, as the BIA found, the evidence "[did] not indicate that the Democratic Christian Party, for which [Krasniqi] worked, [was] targeted for violence by Albanian extremists,"

4

and in any event, he did not show that he could not relocate to another part of the country.  Indeed, although Krasniqi testified that he felt unsafe after he briefly relocated to his grandparents' house in another part of Kosovo, he acknowledged that he had not been harassed there.  *See* 8 C.F.R. § 1208.13(b)(2)(ii).  Thus, the BIA properly found that Krasniqi was ineligible for asylum relief.

Because Krasniqi failed to establish the objective likelihood of persecution required to establish eligibility for asylum, his withholding of removal and CAT claims were properly rejected.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk


                                    By:_____